IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | | |
|---|---|---|
| BARBARA J. STERLING | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. TMD 11-1706 |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION GRANTING PLAINTIFF'S
<u>MOTION FOR REMAND</u>

Barbara J. Sterling ("Plaintiff" or "Claimant") brought this action under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner"), denying her claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C.§§ 401-433.   Before the Court are Plaintiff's Motion for Summary Judgment (Pl.'s Mot. Summ., ECF No. 15), Defendant's Motion for Summary Judgment (Def.'s Mot. Summ., ECF No. 20) and Plaintiff's Response to Defendant's Motion for Summary Judgment.  (Pl.'s Resp. Mot Summ. ECF No. 21).  No hearing is deemed necessary.  Local Rule 105.6 (D. Md.).  For the reasons presented below, Plaintiff's Motion for Remand is GRANTED.

I. <u>Procedural History</u>

Plaintiff filed her application for DIB on May 3, 2005 alleging disability since January 10, 2005 due to fibromyalgia, degenerative disc disease, osteoarthritis, right wrist cartlidge tear and dry eye. R. at 66, 90.  Her claim was denied initially and on reconsideration. R. at 47-48,

50-53. On July 18, 2007, a hearing was held before an administrative law judge ("ALJ") at which Plaintiff and a vocational expert ("VE") appeared. R. at 537-49  In a decision dated November 19, 2007, the ALJ denied Plaintiff's request for benefits. R. at 18-31. The Appeals Council denied Plaintiff's request for review rendering the ALJ's decision the final decision subject to judicial review. R. at 10-13. Subsequently, Plaintiff appealed to this Court which remanded the case by consent and the Appeals Council entered an Order of Remand on June 10, 2009. R. at 607-09. A new hearing was held on February 24, 2010, R. at 982-1014, which resulted in a partially favorable decision finding Plaintiff disabled as of January 6, 2009, the day she attained the age of 50. R. at 569-604. Counsel for Plaintiff filed exceptions to the opinion and on May 31, 2011, the Appeals Council refused to assume jurisdiction. R. at 550-52. Having exhausted her administrative remedies, Plaintiff filed the underlying action.

## II.  ALJ's Decision

The ALJ evaluated Plaintiff's claim for DIB using the sequential process set forth in 20 C.F.R. § 404.1520. At the first step, the ALJ determined that Claimant had not engaged in substantial gainful activity since her alleged onset date. At step two, the ALJ determined that Claimant suffered from the following severe impairments since the alleged onset date: fibromyalgia, osteoarthritis, degenerative disc disease, blepharitis, allergic conjunctivitis, nuclear sclerosis, depression, anxiety, hypertensive cardiovascular disease, chronic right shoulder impingement syndrome, chronic obstructive pulmonary disease, interstitial lung disease, post traumatic stress disorder, cognitive disorder, obsessive compulsive disorder, and personality disorder. At step three, the ALJ found that as of her alleged onset date, her impairments did not

meet or equal the Listings of Impairments set forth in 20 C.F.R. pt. 404, subpt, P, app. 1.  The ALJ concluded at step four that since her alleged onset date and given her Residual Functional Capacity ("RFC") Plaintiff was not capable of performing her past relevant work.  At step five, the ALJ concluded that prior to January 6, 2009, Claimant was capable of performing jobs that existed in significant numbers in the national economy.  However, the ALJ found that as of January 6, 2009, Claimant was disabled because there were no jobs she was capable of performing.  R. at 569-604.

### III.  Standard of Review

The role of this court on review is to determine whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards. 42 U.S.C. § 405(g)(1994 & Supp. V 1999); *Pass v. Chater*, 65 F.3d 1200, 1202 (4th Cir. 1995); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  It is more than a scintilla, but less than a preponderance, of the evidence presented.  *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984).  It is such evidence that a reasonable mind might accept to support a conclusion, and must be sufficient to justify a refusal to direct a verdict if the case were before a jury.  *Hays*, 907 F.2d at 1456 (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)).  This court cannot try the case *de novo* or resolve evidentiary conflicts, but rather must affirm a decision supported by substantial evidence.  *Id*.

IV. Discussion

Plaintiff argues that the ALJ erred by (1) failing to properly consider all of her impairments at step two of the sequential evaluation; (2) determining Plaintiff could perform a full range of sedentary work; (3) failing to give proper consideration to her fibromyalgia and chronic pain syndrome; and (4) improperly formulating the hypothetical to the VE.

A.   Step Two

Plaintiff argues that the ALJ erred at step two of the sequential evaluation by failing to consider the combination of the following impairments which he found to be each non-severe: triangular fibrocartilage complex tear, congenital tremor, Sjogren's syndrome, foot impairments, skin impairments, urinary frequency and urgency, headaches and hypothyroidism. Pl.'s Mot. Summ., ECF No. 15 at 27.  Plaintiff then adds the following impairments to the list arguing that the ALJ also failed to consider them in combination: fibromyalgia, thyroid problems, osteoarthritis of the hands and feet, incontinence, Urticaria, dry eyes, cervical disc bulge at C5-6, neuropathy of the feet, insomnia, rotator cuff problems, lumbar disk disease, bursitis of the right shoulder, wrist synovitis, obesity, fatigue, anxiety and depression.  Pl.'s Mot. Summ., ECF No. 15 at 29.

Most notable of Plaintiff's complaints is the ALJ's findings with regard to her foot impairments. While the Court acknowledges that the ALJ performed a summary of that medical evidence, R. at 587-88, the Court cannot find that the ALJ's finding regarding Claimant's foot impairments is supported by substantial evidence.  On June 10, 2009, the Appeals Council remanded the matter specifically ordering (among other things) that the ALJ provide an

adequate evaluation of the reports of Plaintiff's treating podiatrist, Dr. Rano. R. at 608. The ALJ reviewed the reports but gave Dr. Rano's opinion them little weight as he found that it was based entirely on the adoption of Claimant's subjective complaints. R. at 601. The Court cannot agree. While Dr. Rano indicates that Plaintiff complained of constant pain, R. at 506, the ALJ seemingly ignored the other objective medical evidence in the file as well as treatment notes supporting Dr. Rano's assessment. Treatment notes from 2006 indicate that Plaintiff received numerous injections into her feet in an attempt to alleviate the pain. R, at 455-57. Dr. Ramos indicated assessments of bursitis, hallux valgus, Morton's neuroma and a calcaneal spur. R. at 456. An MRI revealed "consistent 2nd inner MT space neuroma." R. at 456. In addition, the record reveals in February, 2008, Dr. Thomas Cypher diagnosed her with "chronic, painful bunion deformities with HAV metarsus primus adductus bilaterally, right worse than left" and "recurrent bunion deformity right . . ." and painful Morton's neuroma (x2) 2nd and 3rd [] right foot" R. at 685. Dr. Cypher specifically indicated that because of her other conditions, namely fibromyalgia and rheumatoid arthritis, complete resolution of her symptoms was unlikely. *Id*. She was further informed that because of her condition, she will always experience some degree of pain even after surgery. *Id*. In April, 2009, Claimant was seen for another foot evaluation at which time the impression was hallux valgus and tailor's bunion R>L, possible interdigital neuroma r/o radiculopathy, planter fasciitis right and metatasalgia right. R. at 934. Based on all of this evidence, the Court cannot find that the ALJ's rejection of Dr. Rano's opinion on the basis that it was derived solely from Claimant's subjective complaints is based on substantial evidence.

Plaintiff raises a host of other arguments in support of a remand. Because the Court remands the matter for findings based on step two of the sequential evaluation, the ALJ shall review all of the evidence in the record and make appropriate findings in support of each step of the sequential evaluation.

V.  Conclusion

Based on the foregoing, Plaintiff's Motion for Remand is GRANTED. A separate order shall issue.


Date: March 18, 2013 _____/s/_____
THOMAS M. DIGIROLAMO
United States Magistrate Judge


Copies to:
Frederick A. Raab
Migninin & Raab, LLP
606 Baltimore Ave., Suite 100
Towson, MD 21204


Allen F. Loucks
Assistant United States Attorney
United States Courthouse
101 West Lombard Street
Baltimore, Maryland 21201-2692