IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

BARBARA J. STERLING

        Plaintiff,

v.

                          Civil Action No. TMD 11-1706

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

)
)
)
)
)
)
)
)
)
)

MEMORANDUM OPINION GRANTING PLAINTIFF'S
MOTION FOR REMAND

      Barbara J. Sterling ("Plaintiff" or "Claimant") brought this action under 42 U.S.C. §

405(g) for judicial review of the final decision of the Commissioner of the Social Security

Administration ("Commissioner"), denying her claim for Disability Insurance Benefits ("DIB")

under Title II of the Social Security Act, 42 U.S.C.§§ 401-433.   Before the Court are Plaintiff's

Motion for Summary Judgment (Pl.'s Mot. Summ., ECF No. 15), Defendant's Motion for

Summary Judgment (Def.'s Mot. Summ., ECF No. 20) and Plaintiff's Response to Defendant's

Motion for Summary Judgment.  (Pl.'s Resp. Mot Summ. ECF No. 21).  No hearing is deemed

necessary.  Local Rule 105.6 (D. Md.).  For the reasons presented below, Plaintiff's Motion for

Remand is GRANTED.

## I.  Procedural History

      Plaintiff filed her application for DIB on May 3, 2005 alleging disability since January

10, 2005 due to fibromyalgia, degenerative disc disease, osteoarthritis, right wrist cartlidge tear

and dry eye.  R. at 66, 90.  Her claim was denied initially and on reconsideration.  R. at 47-48,

50-53.  On July 18, 2007, a hearing was held before an administrative law judge ("ALJ") at

which Plaintiff and a vocational expert ("VE") appeared.  R. at 537-49  In a decision dated

November 19, 2007, the ALJ denied Plaintiff's request for benefits.  R. at 18-31.  The Appeals

Council denied Plaintiff's request for review rendering the ALJ's decision the final decision

subject to judicial review.  R. at 10-13.  Subsequently, Plaintiff appealed to this Court which

remanded the case by consent and the Appeals Council entered an Order of Remand on June 10,

2009.  R. at 607-09.  A new hearing was held on February 24, 2010, R. at 982-1014, which

resulted in a partially favorable decision finding Plaintiff disabled as of January 6, 2009, the day

she attained the age of 50.  R. at 569-604.  Counsel for Plaintiff filed exceptions to the opinion

and on May 31, 2011, the Appeals Council refused to assume jurisdiction.  R. at 550-52.  Having

exhausted her administrative remedies, Plaintiff filed the underlying action.

## II.  ALJ's Decision

The ALJ evaluated Plaintiff's claim for DIB using the sequential process set forth in 20

C.F.R. § 404.1520.  At the first step, the ALJ determined that Claimant had not engaged in

substantial gainful activity since her alleged onset date.  At step two, the ALJ determined that

Claimant suffered from the following severe impairments since the alleged onset date:

fibromyalgia, osteoarthritis, degenerative disc disease, blepharitis, allergic conjunctivitis, nuclear

sclerosis, depression, anxiety, hypertensive cardiovascular disease, chronic right shoulder

impingement syndrome, chronic obstructive pulmonary disease, interstitial lung disease, post

traumatic stress disorder, cognitive disorder, obsessive compulsive disorder, and personality

disorder.  At step three, the ALJ found that as of her alleged onset date, her impairments did not

meet or equal the Listings of Impairments set forth in 20 C.F.R. pt. 404, subpt, P, app. 1.  The

ALJ concluded at step four that since her alleged onset date and given her Residual Functional

Capacity ("RFC") Plaintiff was not capable of performing her past relevant work.  At step five,

the ALJ concluded that prior to January 6, 2009, Claimant was capable of performing jobs that

existed in significant numbers in the national economy.  However, the ALJ found that as of

January 6, 2009, Claimant was disabled because there were no jobs she was capable of

performing.  R. at 569-604.

### III.  Standard of Review

The role of this court on review is to determine whether substantial evidence supports the

Commissioner's decision and whether the Commissioner applied the correct legal standards.

42 U.S.C. §  405(g)(1994 & Supp. V 1999); *Pass v. Chater*, 65 F.3d 1200, 1202 (4th Cir. 1995);

*Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).   Substantial evidence is "such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson*

*v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197,

229 (1938)).  It is more than a scintilla, but less than a preponderance, of the evidence

presented.  *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984).  It is such evidence that a

reasonable mind might accept to support a conclusion, and must be sufficient to justify a refusal

to direct a verdict if the case were before a jury.  *Hays*, 907 F.2d at 1456 (quoting *Laws v.*

*Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)).  This court cannot try the case *de novo* or

resolve evidentiary conflicts, but rather must affirm a decision supported by substantial

evidence.  *Id*.

IV. <u>Discussion</u>

Plaintiff argues that the ALJ erred by (1) failing to properly consider all of her impairments at step two of the sequential evaluation; (2) determining Plaintiff could perform a full range of sedentary work; (3) failing to give proper consideration to her fibromyalgia and chronic pain syndrome; and (4) improperly formulating the hypothetical to the VE.

A.      <u>Step Two</u>

Plaintiff argues that the ALJ erred at step two of the sequential evaluation by failing to consider the combination of the following impairments which he found to be each non-severe: triangular fibrocartilage complex tear, congenital tremor, Sjogren's syndrome, foot impairments, skin impairments, urinary frequency and urgency, headaches and hypothyroidism. Pl.'s Mot. Summ., ECF No. 15 at 27.  Plaintiff then adds the following impairments to the list arguing that the ALJ also failed to consider them in combination: fibromyalgia, thyroid problems, osteoarthritis of the hands and feet, incontinence, Urticaria, dry eyes, cervical disc bulge at C5-6, neuropathy of the feet, insomnia, rotator cuff problems, lumbar disk disease, bursitis of the right shoulder, wrist synovitis, obesity, fatigue, anxiety and depression.  Pl.'s Mot. Summ., ECF No. 15 at 29.

Most notable of Plaintiff's complaints is the ALJ's findings with regard to her foot impairments. While the Court acknowledges that the ALJ performed a summary of that medical evidence, R. at 587-88, the Court cannot find that the ALJ's finding regarding Claimant's foot impairments is supported by substantial evidence.  On June 10, 2009, the Appeals Council remanded the matter specifically ordering (among other things) that the ALJ provide an

adequate evaluation of the reports of Plaintiff's treating podiatrist, Dr. Rano.  R. at 608.  The

ALJ reviewed the reports but gave Dr. Rano's opinion them little weight as he found that it was

based entirely on the adoption of Claimant's subjective complaints.  R. at 601.  The Court

cannot agree.  While Dr. Rano indicates that Plaintiff complained of constant pain, R. at 506,

the ALJ seemingly ignored the other objective medical evidence in the file as well as treatment

notes supporting Dr. Rano's assessment.  Treatment notes from 2006 indicate that Plaintiff

received numerous injections into her feet in an attempt to alleviate the pain.  R, at 455-57.  Dr.

Ramos indicated assessments of bursitis, hallux valgus, Morton's neuroma and a calcaneal spur.

R. at 456.   An MRI revealed "consistent 2nd inner MT space neuroma."  R. at 456. In addition,

the record reveals in February, 2008, Dr. Thomas Cypher diagnosed her with "chronic, painful

bunion deformities with HAV metarsus primus adductus bilaterally, right worse  than left" and

"recurrent bunion deformity right . . ." and painful Morton's neuroma (x2) 2nd and 3rd [] right

foot"  R. at 685.  Dr. Cypher specifically indicated that because of her other conditions, namely

fibromyalgia and rheumatoid arthritis, complete resolution of her symptoms was unlikely. *Id*.

She was further informed that because of her condition, she will always experience some degree

of pain even after surgery.  *Id*.  In April, 2009, Claimant was seen for another foot evaluation at

which time the impression was hallux valgus and tailor's bunion R>L, possible interdigital

neuroma r/o radiculopathy, planter fasciitis right and metatasalgia right.  R. at 934.  Based on all

of this evidence, the Court cannot find that the ALJ's rejection of Dr. Rano's opinion on the

basis that it was derived solely from Claimant's subjective complaints is based on substantial

evidence.

Plaintiff raises a host of other arguments in support of a remand.  Because the Court remands the matter for findings based on step two of the sequential evaluation, the ALJ shall review all of the evidence in the record and make appropriate findings in support of each step of the sequential evaluation.

V.  <u>Conclusion</u>

Based on the foregoing, Plaintiff's Motion for Remand is GRANTED.  A separate order shall issue.


Date: March 18, 2013                              _____/s/_____
                                                  THOMAS M. DIGIROLAMO
                                                  United States Magistrate Judge


Copies to:
Frederick A. Raab
Migninin & Raab, LLP
606 Baltimore Ave., Suite 100
Towson, MD 21204


Allen F. Loucks
Assistant United States Attorney
United States Courthouse
101 West Lombard Street
Baltimore, Maryland 21201-2692